DENISSE O. GASTÉLUM, ESQ., SBN 282771
**GASTÉLUM LAW, APC**
3767 Worsham Ave.,
Long Beach, CA 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com

Attorney for Plaintiff,
JUSTIN SMITH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SMITH, an individual, | ) CASE NO. |
| | ) |
| | ) **COMPLAINT FOR DAMAGES** |
| Plaintiff, | ) |
| | ) **1. Excessive Force (42 U.S.C. § 1983;** |
| vs. | ) **4th and 14th Amendments)** |
| | ) **2. Violation of Bane Act (Cal. Civ. Code** |
| CITY OF LA VERNE; LA VERNE | ) **§ 52.1)** |
| POLICE DEPARTMENT; POLICE | ) **3. Assault & Battery** |
| OFFICER ADDIEL JULIAN; and | ) **4. Negligence** |
| DOES 1 to 10, | ) **5. Strict Liability (Cal. Civ. Code** |
| | ) **§3342)** |
| | ) |
| Defendants. | ) |
| _____ | ) **DEMAND FOR JURY TRIAL** |

## I.

## JURISDICTION AND VENUE

1.      This case arises under 42 U.S.C. § 1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiff's state-law claims are so related in that they form part of the same case or controversy

and are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

2. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiff's claims occurred within this district.

## II.

## **PARTIES**

3. Plaintiff JUSTIN SMITH (hereinafter referred to as "Plaintiff" and "Mr. Smith") is, and at all times material hereto was, a 46-year-old man who lived in an apartment complex with his wife and eight-year-old daughter in the City of La Verne, California. Plaintiff is, and at all times material hereto was, a resident of the County of Los Angeles, State of California.

4. Defendant CITY OF LA VERNE (hereinafter referred to as "City") is a municipal corporation duly organized and existing under the Constitution and laws of the State of California. The La Verne Police Department ("LVPD") is a local government entity and an agency of the City, and all actions of the LVPD are the legal responsibility of the City. The City is charged by law with the administration and operation of the LVPD, including the employment, control, supervision, discipline, training, and practices of LVPD's personnel and employees, and with the formulation of its policies, practices, and customs of LVPD's personnel and employees.

5. Defendant Police Officer ADDIEL JULIAN (hereinafter referred to as "OFFICER JULIAN") is, and at all times material hereto was, the dog handler who commanded the LVPD Dutch Shepard "Dino" to attack the passive Plaintiff JUSTIN SMITH, resulting in the savage mauling of Plaintiff's person.

6. Defendant DOES 1 to 10 are unnamed because their identities have yet to be ascertained. Each was involved in some manner with the violations of Plaintiff's rights as alleged herein.

7. Each individually named defendant and each DOE defendant acted under color of state law and within the scope of his or her agency and employment with the City of La Verne and the LVPD. All acts and omissions of individual Defendants were malicious and intentional, with either the intent to deprive Plaintiff of his constitutional and statutory rights, or in reckless disregard thereof.

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On December 28, 2201, Plaintiff timely presented a Government Claim pursuant to California Government Code § 910. The Claim was denied by operation of law. This lawsuit is timely.

## IV.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On the morning of December 14, 2021, at approximately 6:51 a.m., OFFICER JULIAN was driving to an off-site training when he noticed an agency assist call generated on the Computer Aided dispatch (CAD) system. The assist call regarded a stolen vehicle in the Monte Vista Homes apartment complex, located in the City of La Verne, State of California.

10. Instead of attending his scheduled training, OFFICER JULIAN took it upon himself to respond to the call. Given the fact that OFFICER JULIAN was not on a scheduled shift, he was not wearing his patrol uniform. OFFICER JULIAN was wearing training attire which consisted of a navy color hooded sweater and navy-colored pants. A three-and-a-half inch oval shaped police badge was, however, on his training attire.

11. Upon arrival, OFFICER JULIAN immediately unleashed the LVPD Dutch Shepard "Dino" into an apartment complex while residents were present, many of whom were taking their children to school and heading to work given the morning hour of 7 a.m.

12. At no point did OFFICER JULIAN issue any announcements to allow the suspect an opportunity to surrender, or more importantly, to inform the residents of the apartment complex that a law enforcement canine would be unleashed on the residential premises and on "prey drive" running wildly throughout the apartment complex.

13. At no point did OFFICER JULIAN establish a parameter for purposes of containment prior to unleashing the LVPD Dutch Shepard "Dino."

14. At no point did OFFICER JULIAN receive permission from the Department to deploy the canine.

15. During the foot pursuit, OFFICER JULIAN allowed the LVPD Dutch Shepard "Dino" to roam out of his vision numerous times. By the time OFFICER JULIAN turned the corner and got sight of "Dino," the canine had already charged at Mr. Smith who was completely passive and not making any threatening movements. In fact, at the time "Dino" charged and attacked Mr. Smith, he was simply walking back to his apartment unit after having dropped of his eight-year-old daughter at school.

16. OFFICER JULIAN shouted "No! No! No! Nooooo! No!" as he ran towards Mr. Smith who was on the ground and being viciously attacked by the LVPD Dutch Shepard "Dino":



4
**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

17. OFFICER JULIAN failed to issue proper K9 handler commands to stop the attack. OFFICER JULIAN's repeated exclamation of the word "no" is not considered a proper K9 command; rather, it is considered to be a layperson's plea with a canine to stop specific behavior.

18. For an appreciable amount of time, and as the canine crushed down on Mr. Smith's arm with its teeth and violently shook Mr. Smith back and forth, OFFICER JULIAN was unable to order the canine to stop attacking Mr. Smith by way of verbal commands.  OFFICER JULIAN had to resort to electric shocks in order to stop the violent canine attack.

19. After what seemed like an eternity to Mr. Smith, the canine released its hold of Mr. Smith's arm, and was left lying alone.

20. A few minutes later, another LVPD officer approached Mr. Smith, standing over him and yelling at him to "put his hands up" as if he was a suspect. Mr. Smith told the officer, "I am not a suspect," in between sobs of pain. An ambulance was dispatched, and Mr. Smith was transported to Pomona Valley Hospital.

21. OFFICER JULIAN would later admit that he lost sight of "the suspect" twice during the foot pursuit, and that he did not announce himself or his canine prior to the attack.  OFFICER JULIAN attempted to justify this reckless police behavior by claiming that these failures were due to "the fluidity of the situation" and the fact that he was busy broadcasting information on the radio about the suspect's description. Notably, Mr. Smith's physical description was drastically different from that of the suspect's description.  OFFICER JULIAN described the suspect as a Hispanic male, 20-30 years old, approximately 6' tall, wearing a light colored "Carhatt" type heavy jacket, khaki color pants, and tan colored work boots.  Mr. Smith is a White male, 46 years old, approximately 5'8" tall and was wearing a black leather jacket, gray jeans, and a green baseball cap.

///
///
///

# V.

# CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Excessive Force

### Fourth & Fourteenth Amendments (42 U.S.C. § 1983)

### (Against Defendant POLICE OFFICER ADDIEL JULIAN and DOES 1-10)

22. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs, and all subsequent paragraphs of this Complaint.

23. Defendant OFFICER JULIAN, while acting under color of law, deprived Plaintiff JUSTIN SMITH of his rights under the Fourth and Fourteenth Amendments to be secure in his person and free from excessive force.

24. The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives and violated clearly established law, which is not subject to reasonable debate.

25. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff was injured in his health and person. He suffered and will continue to suffer disfigurement and loss of function in his right arm, severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

26. As a further direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff incurred medical expenses,

and will incur future medical expenses, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

27. The above mentioned individually named and DOE Defendants, acted under color of law, and both separately and in concert. Each could have intervened to stop the other from committing or continuing the constitutional violation. The aforementioned acts of those Defendants, and each of them, were willful, wanton, malicious and oppressive, with reckless disregard for, with deliberate indifference to, and with the intent to deprive Mr. Smith of his constitutional rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Mr. Smith to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civ. Code § 52.1)

### (Against All Defendants)

28. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

29. This cause of action arises under the general laws and Constitution of the State of California. Plaintiff has complied with the California Tort Claims Act requirements.

30. In committing the acts alleged above, LVPD employees, including OFFICER JULIAN, used violence, threats, intimidation and/or coercion that denied Plaintiff his rights as protected under California Civil Code § 43 to protection from bodily restraint or harm when Plaintiff was subjected to a gratuitous, sadistic police dog attack, and as protected by the Fourth Amendment to the United States Constitution, and Art. I §13 of the California constitution, thus giving Plaintiff remedies under California Civil Code §§ 52 and 52.1.

31. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff was injured in his health and person. He suffered and will continue to suffer disfigurement and loss of function in his right

arm, severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

32. As a further direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff incurred medical expenses, and will incur future medical expenses, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

33. Defendant entity City of La Verne is liable to Plaintiff for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of respondent superior, codified at California Government Code § 815.2.

34. The aforementioned acts of Defendant OFFICER JULIAN were willful, wanton, malicious and oppressive, with reckless disregard for, with deliberate indifference to, and with the intent to sadistically subject Plaintiff to pain, suffering and disfigurement, entitling Plaintiff to exemplary and punitive damages against Defendant OFFICER JULIAN in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF

**Assault & Battery**

**(Against All Defendants)**

35. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

36. This cause of action arises under the general laws and Constitution of the State of California. Plaintiff has complied with the California Tort Claims Act requirements.

37. Defendant LVPD police officer ADDIEL JULIAN, acting within the course and scope of his employment, assaulted and battered Plaintiff.

38. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff was injured in his health and person. He

suffered and will continue to suffer disfigurement and loss of function in his right arm, severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

39. As a further direct and proximate result of the aforesaid acts and omissions of the aforementioned Defendants, Plaintiff incurred medical expenses, and will incur future medical expenses, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

40. Defendant entity City of La Verne is liable to Plaintiff for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of respondent superior, codified at California Government Code § 815.2.

41. The aforementioned acts of Defendant OFFICER JULIAN were willful, wanton, malicious and oppressive, with reckless disregard for, with deliberate indifference to, and with the intent to sadistically subject Plaintiff to pain, suffering and disfigurement, entitling Plaintiff to exemplary and punitive damages against Defendant OFFICER JULIAN in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF

### Negligence

### (Against All Defendants)

42. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

43. This cause of action arises under the general laws and Constitution of the State of California. Plaintiff has complied with the California Tort Claims Act requirements.

44. For purposes of this cause of action only, allegations are deemed to sound in negligence, and set forth pursuant to California Civil Code Section §1714 and California common law.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

45. At all times material herein, Defendant LVPD police officer ADDIEL JULIAN and DOES 1 through 10—as law enforcement personnel charged with executing their duties without the threat of unreasonable risk to Plaintiff—had a duty to act reasonably to avoid, or foresee, the risk that said Defendants themselves, or their colleagues or subordinates, would commit the acts complained of herein, including but not limited to encountering and physically harming a person such as Plaintiff who was an innocent bystander and was lawfully present at his residence at the time OFFICER JULIAN intentionally, negligently and/or recklessly unleashed the LVPD Dutch Shepard "Dino" and ordered the canine to attack Plaintiff.

46. Defendants, and each of them, breached their duty of care by not acting reasonably under the circumstances of such risk, as described herein above, and/or by impeding otherwise curtailing the civil rights of, or endangering, without lawful basis, Plaintiff.

47. Specifically, Defendant OFFICER JULIAN breached his duty of care and failed to act toward Plaintiff as a reasonable law enforcement officer would in similar circumstances by (1) unleashing the LVPD Dutch Shepard "Dino" into an apartment complex while residents were present, many of whom were taking their children to school and heading to work given the morning hour of 7 a.m.; (2) not issuing any announcements to allow the suspect an opportunity to surrender, or more importantly, to inform the residents of the apartment complex that a canine would be unleashed on the residential premises and on "prey drive" running wildly throughout the apartment complex; (3) not establishing a parameter for purposes of containment prior to unleashing the LVPD Dutch Shepard "Dino;" (4) not securing Department permission prior to the canine deployment; (5) and not issuing proper K9 handler commands prior to and during the vicious canine attack on Plaintiff's person.

48. At all times herein relevant, Defendants, and each of them, failed to follow established guidelines, rules and procedures—including their own—for the use of the LVPD Dutch Shepard "Dino."

49. At all times herein relevant, OFFICER JULIAN and Defendants DOES 1 through 10, and each of them, breached their duty of care by not acting reasonably under the circumstances of such risk, as described herein above, and/or by failing to discharge their respective duties to appropriately screen and train their employees, investigate and discipline their employees for misconduct.

50. Each Defendant's aforesaid breaches of duty were each a direct and proximate cause of the injuries and damages suffered by Plaintiff, as alleged in this complaint.

51. Defendant entity City of La Verne is liable to Plaintiff for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of respondent superior, codified at California Government Code § 815.2.

## FIFTH CLAIM FOR RELIEF

### Strict Liability (Cal. Civ. Code §3342)

### (Against All Defendants)

52. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

53. On or about June 23, 2021, Plaintiff was lawfully on the property as he resided in the apartment complex and was simply walking back to his apartment unit after having dropped off his eight-ear-old daughter at school that morning.

54. On that date and at that time and place, the LVPD Dutch Shepard "Dino" attacked Plaintiff causing Plaintiff's injuries.

55. As a proximate result of the LVPD canine's action, Plaintiff sustained severe injuries to Plaintiff's body, all to Plaintiff's damage.

56. At that time and on that date, Defendants, and each of them, negligently owned, possessed, operated, supervised, managed and/or maintained the LVPD Dutch Shepard "Dino" proximately causing the above-described incident and Plaintiff's injuries.

57. The aforementioned risks were known, or in the exercise of ordinary and reasonable care would have or should have been known, to Defendants, and each of them, in adequate time for a reasonably prudent person to warn the apartment complex residents of the LVPD canine and make the perimeter safe.

58. As a proximate result of the negligence of Defendants, and each of them, and of the LVPD canine's actions, Plaintiff was injured in Plaintiff's health, strength and activity and sustained injuries to Plaintiff's body and nervous system all of which have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering. These injuries may result in personal and permanent disabilities to Plaintiff all to Plaintiff's general damages.

59. As a proximate result of the negligence of Defendants, and each of them, and of the LVPD canine's actions, Plaintiff necessarily employed physicians and surgeons for medical examination, treatment and care of Plaintiff's injuries and incurred medical and incidental expenses and may have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiff, who requests leave of Court to prove that amount at trial.

60. Therefore, under California Civil Code § 3342 these Defendants are strictly liable to Plaintiff for all damages proximately caused by the canine attack.

## VI.
## REQUEST FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court enter a judgment as follows:

A. General and compensatory damages in an amount according to proof;

B. Special damages in an amount according to proof;

C. Statutory damages under the Bane Act;

D. Punitive damages against each individual and DOE defendant, not against the City or the LVPD, in an amount according to proof;

E. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988; and

F. Such other relief as may be warranted or as is just and proper.

Dated: January 27, 2023          GASTÉLUM LAW, APC

By: *Denisse O. Gastélum*
DENISSE O. GASTÉLUM
Attorneys for Plaintiff,
JUSTIN SMITH

# DEMAND FOR JURY TRIAL

Plaintiff JUSTIN SMITH hereby makes a demand for a jury trial in this action.

Dated: January 27, 2023          GASTÉLUM LAW, APC

By: *Denisse O. Gastélum*
DENISSE O. GASTÉLUM
Attorneys for Plaintiff,
JUSTIN SMITH